Filed 9/18/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| In re K.L., a Person Coming Under the Juvenile Court Law. | C079100 |
| SISKIYOU COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>   v.<br><br>A.A.,<br><br>        Defendant and Appellant;<br><br>THE KARUK TRIBE,<br><br>        Intervener. | (Super. Ct. No. SCJVSQ1451514) |

APPEAL from a judgment of the Superior Court of Alpine County, William J. Davis, Judge. Affirmed.

Matthew I. Thue for Defendant and Appellant.

Brian L. Morris, County Counsel, Dennis Tanabe, Dana Barton, and Natalie E. Reed, Deputy County Counsel for Plaintiff and Respondent.

Jedediah Parr, California Indian Legal Services for Intervener.

1

Appellant, the noncustodial biological father of the minor, appeals from the juvenile court's dispositional judgment, removing the minor from his mother and placing him with his presumed father, L.V. (Welf. & Inst. Code, § 395 [unless otherwise set forth, statutory section references that follow are to the Welfare and Institutions Code].) The Karuk Indian Tribe has intervened on appeal. They contend the juvenile court failed to comply with the procedural requirements of the Indian Child Welfare Act of 1978 (hereafter ICWA) in entering its dispositional judgment. (25 U.S.C. § 1912.) Finding the provisions of ICWA do not apply, we affirm the judgment.

## FACTS AND PROCEEDINGS

In August 2014, the Siskiyou County Health and Human Services Agency (hereafter Agency) filed a section 300 petition on behalf of the two-year-old minor and his older half sibling, after mother was arrested for child cruelty and possession of a controlled substance. The minors were temporarily detained together in a nonrelative foster home. L.V. is the father of the minor's half sibling. (The minor's half sibling is not a subject of this appeal.) The petition alleged that the minor's father's identity was unknown. Shortly after the minor was born, L.V. took the minor into his home where he lived for several months. Initially, L.V. believed he was quite probably the minor's father and treated him as such. When the minor was four months old, a DNA test, requested by mother, confirmed L.V. was not the minor's biological father. Nonetheless, L.V. continued to treat the minor as his own. The juvenile court found L.V. to be the minor's presumed father. The Agency thereafter placed the minor and his half sibling with L.V.

Shortly after these proceedings commenced, paternity test results revealed appellant, A.A., to be the minor's biological father. Appellant had never met the minor and had only recently learned of the minor's existence. Appellant is an enrolled member of the federally recognized Karuk Indian Tribe (hereafter the Tribe). (79 Fed. Reg. 4748,

4750 (Jan. 29, 2014).)  The Agency sent ICWA notice to the Tribe.  The Tribe confirmed that it was in the process of enrolling the minor and informed the juvenile court that it intended to intervene in the proceedings after its next council meeting on December 18, 2014.

The combined jurisdiction and dispositional hearing took place on December 8, 2014.  The juvenile court acknowledged that the minor was an Indian child but, because the minor was being removed from one parent and placed with L.V., his presumed father, the juvenile court found the ICWA procedures, including expert testimony and placement preferences, were not triggered.  The juvenile court sustained the allegations in the section 300 petition, declared the minor a dependent child of the court, placed the minor (along with his half sibling) with his presumed father, L.V., and ordered family maintenance services for L.V.  Mother was also provided with reunification services.  Because appellant was required to register as a sex offender, he was bypassed for reunification services pursuant to section 361.5, subdivision (b)(16).  The case was then transferred to Humboldt County, where L.V. lives.

## DISCUSSION

Appellant and the Tribe argue extensively that the ICWA required that the juvenile court's order removing the minor from his mother and placing him with his presumed father be supported by the testimony of an expert witness and otherwise comply with the ICWA placement preference requirements.  Since we agree with the juvenile court that the minor was not placed in "foster care" and the proceeding was not a "child custody proceeding" within the meaning of the ICWA, we hold that compliance with ICWA provisions was not required at disposition.

Congress passed the ICWA "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children 'in foster or adoptive homes which will reflect

3

the unique values of Indian culture . . . .' " (*In re Levi U.* (2000) 78 Cal.App.4th 191, 195; 25 U.S.C. § 1902; *Mississippi Band of Choctaw Indians v. Holyfield* (1989) 490 U.S. 30, 56, fn. 2 [104 L.Ed.2d 29].)

In furtherance of that policy, the ICWA provides for a heightened standard of proof prior to removal of a minor at disposition. Specifically, the ICWA provides that "[n]o foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." (25 U.S.C. § 1912(e).) "Foster care placement" is expressly defined as "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand." (25 U.S.C. § 1903(1)(i).) By its terms, foster care does not include placement with one of the parents. (See *In re J.B.* (2009) 178 Cal.App.4th 751, 758 [ICWA does not apply where juvenile court removed child and placed child in the father's custody]; see also *In re M.R.* (2017) 7 Cal.App.5th 886, 904-905.)

Likewise, section 361, subdivision (c), provides that a dependent child may not be taken from a parent's custody unless the circumstances listed in paragraphs (1) to (5) are found to be true by clear and convincing evidence, *and*, *in an Indian child custody proceeding*, paragraph (6), which requires a finding that "continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child, and that finding is supported by testimony of a 'qualified expert witness' as described in Section 224.6." (§ 361, subd. (c)(6).) An " 'Indian child custody proceeding,' " in turn, is defined by section 224.1, subdivision (d), as "a 'child custody proceeding' within the meaning of Section 1903 of the Indian Child Welfare Act, including a proceeding for temporary or long-term foster care or guardianship placement,

4

termination of parental rights, preadoptive placement after termination of parental rights, or adoptive placement." Thus, the plain language of section 361, subdivision (c)(6), establishes that the statute applies only in an "Indian child custody proceeding," the definition of which expressly includes various proceedings, but not a proceeding for placement with a parent. (§ 224.1, subd. (d); 25 U.S.C. § 1903.)

We agree with respondent and the court in *In re J.B., supra*, 178 Cal.App.4th 751 that because the minor was placed with a parent, it was unnecessary to provide the testimony of an expert witness as provided for by the ICWA, or to make a finding pursuant to section 361, subdivision (c)(6). Placement with a parent is not a foster care placement or an Indian child custody proceeding. As noted in *In re J.B.*, this reading of section 361, subdivision (c)(6), "comports with the remainder of the ICWA statutory scheme," including the notice requirement, which "com[es] into play when the agency seeks foster care placement and the juvenile court has reason to believe the child is an Indian child." (*In re J.B., supra*, 178 Cal.App.4th at pp. 758, 759, citing 25 U.S.C. § 1912(a).) It also comports with the legislative intent behind the ICWA, as well as the related California statutory scheme, which expressly focus on "the removal of Indian children from their homes and parents, and placement in foster or adoptive homes." (*Id.* at pp. 759-760, citing 25 U.S.C. §§ 1901 & 1902; § 224, subd. (a)(1); Cal. Rules of Court, rule 5.480, italics omitted.)

We reject the Tribe's argument that there is a direct conflict between the definition of "parent" under the ICWA and state law that requires resolution. The ICWA defines "parent" as "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include the unwed father where paternity has not been acknowledged or established." (25 U.S.C. § 1903(9).) State law recognizes nonbiological or adoptive "presumed" parents, such as L.V. in this case, which is indisputably more broad than the definition in the ICWA. (Fam. Code, § 7611.) The definition of "parent," however, is

5

not determinative here as to whether the proceeding is one for "foster care placement." Even assuming the minor was removed from a parent as defined by the ICWA, he was *not* placed "in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand." (25 U.S.C. § 1903(1)(i).) Thus, the ICWA was not triggered.

Appellant argues that placing the minor with a nonbiological, nonadoptive presumed parent is akin to placing the minor with a guardian. We disagree. Unlike guardians (and foster parents), a presumed parent has legal status as a "parent" and enjoys the full panoply of rights attendant to parenthood, including custody of his or her child. (*In re Shereece B.* (1991) 231 Cal.App.3d 613, 621-622; *In re M.C.* (2011) 195 Cal.App.4th 197, 211.) Our Supreme Court has applied the definitions of "parent" found in the United Parentage Act (Fam. Code, § 7600 et seq.) to dependency cases. (*In re Zacharia D.* (1993) 6 Cal.4th 435, 451; *In re M.C.,* at p. 211.) A presumed parent is a person "presumed to be the natural parent of a child." (Fam. Code, § 7611.) "Under the dependency law scheme, only mothers and presumed parents have legal status as 'parents,' entitled to the rights afforded such persons in dependency proceedings, including standing, the appointment of counsel and reunification services. [Citations.]" *In re M.C.,* at p. 211.) Family Code, section 3010, expressly provides: "(a) The mother of an unemancipated minor child and the *father, if presumed* to be the father under Section 7611, are equally entitled to the custody of the child. [¶] (b) If one parent is dead, is unable or refuses to take custody, or has abandoned the child, the other parent is entitled to custody of the child." (Italics added.) By contrast guardians and foster parents lack the full panoply of rights afforded to a parent, and guardianships and foster care are subject to continued judicial involvement.[1]

---

[1]     Indeed, if a nonbiological presumed parent is akin to any other status, it would be most akin to an adoptive parent.

Appellant and the Tribe ask this court to expand the definition of foster care to include placement with a nonbiological presumed parent. They argue that the policy behind the ICWA supports such an expansion and that, because a nonbiological (and nonadoptive) parent is not a "parent" as defined by the ICWA, such an individual should be considered a guardian or foster parent. Indeed, appellant takes the position that placement with *any non-Indian* parent conflicts with ICWA's goals of promoting the stability and security of Indian tribes and families and therefore, implicates ICWA, despite the definitions of "foster care" and "Indian child custody proceeding" set forth in the statutes.

We need not determine whether an expansion of the ICWA procedures, as proposed by appellant and the Tribe, would promote the purpose of the ICWA. The plain meaning of the statutory language in both the ICWA and the California statutes precludes such an expansion. "Foster care" and "Indian child custody proceeding" are defined and do not, by their terms, include a proceeding wherein the Agency seeks, and the juvenile court orders, placement of the minor with a presumed parent. (See *In re J.B., supra*, 178 Cal.App.4th at pp. 755-759.) By expressly including certain placements, other placements are impliedly excluded. (See *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 389.) Indeed, had the Legislature meant to encompass the categories suggested by appellant and the Tribe, it could have easily so provided.

Our reasoning is consistent with *In re J.B.*, *supra*, 178 Cal.App.4th 751, which discussed the legislative intent of the ICWA and held that placing a child with a previously noncustodial parent does not equate with removal of the child from its family and placement in a foster or adoptive home. (*Id*. at p. 760.) Although the biological ties to the minor of the parents were not discussed in that case, the reasoning nonetheless applies. As explained in *In re J.B.*, "Placement with a parent is *not* foster care" and the definition of "Indian child custody proceeding" "expressly includes various proceedings, but *not* a proceeding for placement with a parent." (*Id*. at p. 758.)

7

Our reasoning is also consistent with *In re M.R.*, *supra*, 7 Cal.App.5th 886, which agreed with *In re J.B., supra*, 178 Cal.App.4th 751, that custody in favor of a parent does not equate with temporary placement with a guardian. (*In re M.R.*, at p. 905.) The biological relationship of the previously noncustodial parent in *In re M.R.* had not been definitively established. Thus, the court stated it would "leave detailed discussion of whether ICWA applies where a child is removed from the custody of both of his biological parents, and placed in the custody of a third parent who is not a biological parent, for a case that presents those facts." (*Ibid*.) Nonetheless, the court was not persuaded that the rule articulated in *In re J.B, supra,* should be limited to circumstances where it has been definitely established that the parent to whom custody is awarded is a biological parent. (*Ibid*.)

The issue now squarely presented, we conclude that the ICWA requires more than just removal from a parent -- it requires placement in one of the specified categories, none of which apply here. Nothing in the statutory language suggests that the ICWA applies when custody of an Indian child is transferred from one parent to another parent from whom no Indian ancestry flows. (Accord, *In re J.B., supra*, 178 Cal.App.4th at pp. 757–758.) The biological ties to the minor, or the Indian ancestry, of the previously noncustodial parent are not determinative. (See *In re M.R., supra,* 7 Cal.App.5th at p. 905.) "[T]he legislative intent behind ICWA expressly focuses on the removal of Indian children from their *homes and parents*, and placement in *foster or adoptive homes.*" (*In re J.B.,* at p. 759.) By placing the minor with his previously noncustodial, nonbiological presumed father, the Agency was not seeking to place the minor in foster care or to terminate parental rights. This was not a proceeding for "foster care placement" within the meaning of section 1903 of the ICWA, nor was it an "Indian child custody proceeding," within the meaning of sections 224.6 and 361, subdivision (c)(6). Thus, the finding under section 361, subdivision (c)(6) and the expert testimony to support it were not required.

Finally, appellant argues the juvenile court erred in bypassing him for reunification services.  He bases his assignment of error, however, on the juvenile court's failure to make "active efforts to avoid the breakup of the Indian family" as required by ICWA.  (See 25 U.S.C. § 1912(d).)  However, because ICWA was not implicated by the juvenile court's dispositional judgment, as explained herein, we reject his contention.

### DISPOSITION

The judgment is affirmed.


                                                          HULL                    , Acting P. J.


We concur:


        MURRAY          , J.


        RENNER          , J.

9